**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANNIE KROL,                                         )   **Case No.:** 6:15-CV-1400 (GLS/TWD)
                                                    )
          **Plaintiff,**                            )
                                                    )
          vs.                                       )   **CIVIL COMPLAINT**
FRONTLINE ASSET STRATEGIES,                         )
   LLC, LVNV FUNDING LLC                            )
                                                    )
          **Defendant.**                            )
                                                    )

## CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Annie Krol, on behalf of herself (hereinafter "Plaintiff"), by and through her

undersigned attorney, alleges against Frontline Asset Strategies, LLC and LVNV Funding, LLC

(hereinafter "Defendants") as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendants violations of 15 U.S.C. § 1692 *et*

*seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices, and New York General

Business Law § 349.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and supplemental

jurisdiction pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.      Plaintiff, Annie Krol, is a natural person, domiciled in the State of New York, County of

Oneida, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Frontline Asset Strategies, LLC, is a corporation that conducts business in New York with its corporate address as 2700 Snelling Ave. N. Suite 250 in Roseville, MN 55113.

6.      Defendant, LVNV Funding, LLC is a corporation that conducts business in New York with its registered agent located at 80 State Street, Albany, New York 12207.

7.      Defendants are "debt collectors" collecting consumer debts as used and defined under 15 U.S.C. § 1692(a) of the FDCPA.

## FACTUAL STATEMENT

8.      On or about February 16, 2015, Plaintiff received a dunning letter from Defendants alleging that a debt was due and owing to Citibank.

9.      The alleged debt arose from transactions that are primarily for personal, family, or household purposes.

10.     The alleged debt was incurred in 2007.

11.     Plaintiff has not made any payments on the debt since 2007.

12.     In New York, the statute of limitations for an actionable claim on a consumer debt is 6 years from accrual or date of last payment.

13.     As of February 16, 2015, the six year statute of limitations had run on the alleged debt.

14.     The February 16, 2015 dunning letter does not disclose to Plaintiff that the alleged debt is past the applicable statute of limitations.

15.     Furthermore, the dunning letter threatens litigation in the event payment is not received by Defendants.

16.     Specifically, the letter states "your lack of communication may result in the enforcement of your current creditor's rights on your contractual agreement. In order to prevent further action, please contact us so that we may assist you in resolving this debt."

17.     Defendants' February 16, 2015 dunning letter is in violation of the FDCPA and New York General Business Law.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 _et seq._**

18.     Plaintiff repeats and realleges the allegation contained in the paragraphs above and incorporates them as if set forth specifically herein.

19.     On or about February 16, 2015, Plaintiff received a dunning letter from Defendants alleging that a debt was due and owing.

20.     The February 16, 2015 dunning letter does not disclose to the consumer that the alleged debt is past the applicable statute of limitations and threatens legal action with respect to the time barred debt.

21.     Defendants' actions violate the FDCPA. Defendants' violations with respect to the above include, but are not limited to, the following:

      a.     15 U.S.C. § 1692(d) – preface: A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

      b.     15 U.S.C. § 1692(e) – preface:  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt;

      c.     15 U.S.C. § 1692(e)(2)(A) - The false representation of -- the character, amount, or legal status of any debt;

d.      15 U.S.C. § 1692(e)(10) - The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

e.      15 U.S.C. § 1692(f) – preface: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

22.    As a direct result of Defendants' actions, Plaintiff has been damaged.

**COUNT II**
**VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW § 349**

23.    Plaintiff repeats and realleges the allegation contained in the paragraphs above and incorporates them as if set forth specifically herein.

24.    Defendants' debt collection efforts attempted towards the Plaintiff included deceptive and unlawful acts and practices that violated New York State General Business Law § 349.

25.    As a result of Defendants' above violations of the New York General Business Law, the Plaintiff has been injured and is entitled to damages, attorneys' fees and costs in accordance with the New York General Business Law § 349.

**JURY TRIAL DEMAND**

26.    Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, Annie Krol, respectfully requests that this Court do the following for her benefit:

A.      That an order be entered declaring Defendant's actions, as described above, to be in violation of the FDCPA;

B.      That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

4

C.      That judgment be entered against Defendant for statutory damages, pursuant to 15

U.S.C. §1692k(a)(2)(A) in the amount of $1,000.

D.      That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C.

§1692k(a)(3); and

E.      That an order be entered declaring Defendants' actions, as described above, to be

in violation of N.Y. Gen. Bus. Law § 349;

F.      That judgment be entered against Defendants for damages, and treble damages

pursuant to N.Y. Gen. Bus. Law § 349(h);

G.      That the Court award costs and reasonable attorneys' fees, pursuant to N.Y. Gen.

Bus. Law § 349(h); and

H.      That the Court grant such other and further relief as may be just and proper.

Dated this 23rd day of November, 2015

Respectfully Submitted,

____/s/ Matthew T. Sheffield_____
Matthew T. Sheffield, Esq.
Bar No. 518910
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
(T) (201) 461-0059
(F) 201-608-7116
(E) ms@lupoloverlaw.com