## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNIE KROL,<br><br>                              Plaintiff,<br><br>v.<br><br>FRONTLINE ASSET STRATEGIES LLC,<br>LVNV FUNDING, LLC<br><br>                              Defendants. | Civil Action No.:  6:15-cv-01400-GLS-TWD<br><br><br>**LVNV FUNDING, LLC'S AND<br>FRONTLINE ASSET STRATEGIES, LLC'S<br>ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants LVNV Funding, LLC and Frontline Asset Strategies, LLC (collectively, "Defendants") by and through their undersigned attorneys, Gordon & Rees, LLP, as and for their Answer to the Complaint (the "Complaint") of Plaintiff Annie Krol ("Plaintiff"), respond as follows:

### PRELIMINARY STATEMENT

1.      The allegations of Paragraph 1 of the Complaint contain conclusions of law, to which no responsive pleading is required.  To the extent a further response is required, Defendants deny these allegations.

### JURISDICTION AND VENUE

2.      The allegations of Paragraph 2 of the Complaint contain conclusions of law, to which no responsive pleading is required.  To the extent a further response is required, Defendants deny these allegations.

3.      The allegations of Paragraph 3 of the Complaint contain conclusions of law, to which no responsive pleading is required.  To the extent a further response is required,

Defendants deny these allegations.

## PARTIES

4.      Defendants are without sufficient knowledge to admit or deny the allegations regarding Plaintiff's domicile in Paragraph 4 of the Complaint and, therefore, deny the same. The remaining allegations of Paragraph 4 of the Complaint contain conclusions of law, to which no responsive pleading is required.  To the extent a further response is required, Defendants deny these allegations.

5.      Defendants admit the allegations of Paragraph 5 of the Complaint.

6.      Defendants deny the allegations of Paragraph 6 of the Complaint.

7.      The allegations of Paragraph 7 of the Complaint contain conclusions of law, to which no responsive pleading is required.   To the extent a further response is required, Defendants deny these allegations.

## FACTUAL STATEMENT

8.      The allegations of Paragraph 8 of the Complaint contain conclusions of law, to which no responsive pleading is required.   To the extent a further response is required, Defendants deny these allegations.

9.      Defendants are without sufficient knowledge to admit or deny the allegations regarding Plaintiff's domicile in Paragraph 9 of the Complaint and, therefore, deny the same.

10.      Defendants are without sufficient knowledge to admit or deny the allegations regarding Plaintiff's domicile in Paragraph 10 of the Complaint and, therefore, deny the same.

11.      Defendants deny the allegations of Paragraph 11 of the Complaint.

2

12.     The allegations of Paragraph 12 of the Complaint contain conclusions of law, to which no responsive pleading is required.  To the extent a further response is required, Defendants deny these allegations.

13.     Defendants deny the allegations of Paragraph 13 of the Complaint and note that Plaintiff's continued partial payments of the subject debt reset the six-year statute of limitations.

14.     Defendants neither admit nor deny the allegations of Paragraph 14 of the Complaint, but rather respectfully refer the Court to the referenced document(s) for the language and legal importance, if any, of such document(s).  To the extent a further response is required, Defendants deny these allegations and note that the statute of limitations had yet to expire due to Plaintiff's continued partial payments on the subject debt.

15.     Defendants neither admit nor deny the allegations of Paragraph 15 of the Complaint, but rather respectfully refer the Court to the referenced document(s) for the language and legal importance, if any, of such document(s).  To the extent a further response is required, Defendants deny these allegations.

16.     Defendants neither admit nor deny the allegations of Paragraph 16 of the Complaint, but rather respectfully refer the Court to the referenced document(s) for the language and legal importance, if any, of such document(s).  To the extent a further response is required, Defendants deny these allegations.

17.     The allegations of Paragraph 17 of the Complaint contain conclusions of law, to which no responsive pleading is required.  To the extent a further response is required, Defendants deny these allegations.

**COUNT I**
**Violation Of The Fair Debt Collection Practices Act**
**15 U.S.C. § 1692 et seq.**

18.     Defendants repeat and reallege the Paragraphs above as if fully set forth herein verbatim.

19.     The allegations of Paragraph 19 of the Complaint contain conclusions of law, to which no responsive pleading is required.   To the extent a further response is required, Defendants deny these allegations.

20.     Defendants neither admit nor deny the allegations of Paragraph 20 of the Complaint, but rather respectfully refer the Court to the referenced document(s) for the language and legal importance, if any, of such document(s).   To the extent a further response is required, Defendants deny these allegations and note that the statute of limitations had yet to expire due to Plaintiff's continued partial payments on the subject debt.

21.     Defendants deny the allegations of Paragraph 21 of the Complaint.

22.     Defendants deny the allegations of Paragraph 22 of the Complaint.

**WHEREFORE,** Defendants deny that Plaintiff is entitled to the relief sought, and respectfully requests judgment in its favor dismissing the First Count, awarding Defendants' attorneys' fees and court costs, and any other remedy the Court sees fit to impose.

**COUNT II**
**Violation Of The New York General Law § 349**

23.     Defendants repeat and reallege the Paragraphs above as if fully set forth herein verbatim.

24.     Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     Defendants deny the allegations of Paragraph 25 of the Complaint.

**WHEREFORE,** Defendants deny that Plaintiff is entitled to the relief sought, and respectfully requests judgment in its favor dismissing the Second Count, awarding Defendants' attorneys' fees and court costs, and any other remedy the Court sees fit to impose.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against Defendants, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims contain insufficient information to permit Defendants to raise all appropriate defenses, and therefore, Defendants reserve their right to amend and/or supplement this Answer with additional and appropriate defenses.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith and/or with good cause and have not violated any rights which may be secured to Plaintiff under any federal, state, city or local laws, rules, regulations, codes or guidelines.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of waiver, unclean hands, laches and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct

required to recover statutory damages under the FDCPA or New York General Business Law, and thus, all requests for compensatory or statutory damages thereunder are improper.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to show that Defendants have breached any duty owed to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff brings this action in bad faith as her claims are not supported by law or fact, and should be subject to sanctions pursuant to Federal Rule of Civil Procedure 11.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the Doctrine of Avoidable Consequences.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred due to Plaintiff's failure to exhaust administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

The Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied.  As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement, Defendants would not have communicated with Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own actions.

## TWELFTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances.  Plaintiff's failure to mitigate is a bar to recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' alleged initial correspondence and all actions complained of fully-complied with 15 U.S.C. § 1692(g).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's acknowledgement of the subject debt (in writing and/or by partial payment) reset the statute of limitations as of the date of that acknowledgement or payment.  As such, Defendants claims are not barred by the applicable six-year statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Because New York courts renew the statute of limitations of a contract claim where a debtor, like Plaintiff, has made an explicit acknowledgement of the debt and expresses an intention or promise to make further payment, Plaintiff cannot escape payment of the subject debt based upon the applicable statute of limitations.

Dated:  January 11, 2016

GORDON & REES LLP
*Attorneys for Defendants LVNV Funding, LLC
and Frontline Asset Strategies, LLC*

By: _____*/s/ Peter Siachos*_____
Peter G. Siachos

One Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 269-5500
Fax: (212) 269-5505